IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    JAMES PATRICK NOONAN<br>                     Debtor, | Chapter 7<br><br>Case No. 24-11740-PMM |
| JAMES PATRICK NOONAN<br>                  Plaintiff,<br><br>v.<br><br>US DEPT. OF EDUCATION,<br>AES/PHEAA, AND ECMC<br>                  Defendants. | Adv. No. 24-00092-PMM |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FAILURE TO MAKE PRETRIAL DISCLOSURES PURSUANT TO RULE 26(a)(3) AND MOTION FOR SANCTIONS PURSUANT TO RULE 37(c)(1)**

    Defendant Educational Credit Management Corporation ("ECMC"), by and through its undersigned counsel, Barley Snyder LLP, and for the reasons set forth below, requests that the Court decline to permit Plaintiff James Patrick Noonan ("Noonan") to use the information which he failed to disclose as required under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure to supply evidence on any motion, hearing, or trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, in the form of the Order attached.

    1.    On or about May 22, 2024, Plaintiff filed a voluntary bankruptcy petition under Chapter 7.

    2.    On or about July 1, 2024, Plaintiff filed the instant adversary proceeding.

    3.    Plaintiff's pretrial disclosures were due on May 23, 2025.

4. Plaintiff has failed to make such required disclosures without substantial justification for failing to do so.

5. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides "If a party fails to provide information or identify a witness as required by 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

6. Preclusion of Plaintiff's undisclosed information is warranted because of Plaintiff's failure to comply with the timing for pre-trial disclosures.

7. Preclusion of Plaintiff's undisclosed information is also warranted because such failure has inhibited Defendant's ability to prepare its defense.

8. "The United States Court of Appeals for the Third Circuit created a five-factor test to assist courts in determining 'whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties.'" *Estes Express Lines v. U.S.A. Lamp and Ballast Recycling, Inc.*, 2023 WL 3766020, at *5 (W.D. Pa. 2023) (*quoting Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

9. The factors to be considered are:

   (1) The prejudice or surprise to the party against whom the evidence was offered;

   (2) The ability of the injured party to cure the prejudice;

   (3) The likelihood the admission of the late evidence would disrupt the orderly and efficient trial of the case or of other cases in the court;

   (4) The bad faith or willfulness in failing to comply with the District Court's orders; and

   (5) The importance of the evidence to the proffering party.

*Id.* (*citing Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)).

10. Because Defendant does not know the substance of the information Plaintiff has failed to disclose, the introduction of this evidence at trial would cause prejudice and surprise to Defendant.

11. Defendant does not know the substance of the information Plaintiff has failed to disclose, and thus cannot cure the prejudice.

12. The pretrial/settlement conference in this matter is scheduled for June 18, 2025, with the Joint Pre-trial Statement being due June 11.

13. Trial in this matter is anticipated to begin shortly and the uncertainty of the undisclosed information may force Defendant to seek a continuance to properly prepare its defense.

14. Plaintiff has exhibited bad faith and willfulness by failing to make the required disclosures under Rule 26(a)(3)(B) by the deadline set by the Court.

15. It is unclear how important the undisclosed information is to Plaintiff's case.

16. The five-factor test weighs in favor of excluding Plaintiff's undisclosed evidence under Rule 37(c)(1).

17. Accordingly, Defendant requests that the Court exclude the evidence which Plaintiff failed to disclose as required under Rule 26(a)(3)(B) because Plaintiff has inexcusably failed to comply with his discovery duties, or alternatively issue an order directing Plaintiff to cure by a certain date, failure of which will result in the preclusion of evidence offered by Plaintiff.

WHEREFORE, Defendant Educational Credit Management Corporation respectfully requests that the Court grant its Motion for Sanctions under Federal Rule of Civil Procedure 37

13080411.1

and exclude that evidence which Plaintiff, James Patrick Noonan failed to disclose as required under Rule 26(a)(3)(B) along with any other relief this Honorable Court deems appropriate.

Date: June 6, 2025	By:	*/s/Brandon R. Griest*
		Brandon R. Griest
		Barley Snyder, LLP
		Attorneys for
		Educational Credit Management Corporation
		Attorney I.D. No. 327717
		126 East King Street
		Lancaster, PA
		(717) 299-5201

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:**<br>　　JAMES PATRICK NOONAN<br>　　　　　　　　Debtor, | Chapter 7<br><br>Case No. 24-11740-PMM |
| **JAMES PATRICK NOONAN**<br>　　　　　Plaintiff,<br><br>v.<br><br>**US DEPT. OF EDUCATION,<br>AES/PHEAA, AND ECMC**<br>　　　　　Defendants. | Adv. No. 24-00092-PMM |

**CERTIFICATION OF SERVICE**

　　I, Brandon R. Griest, Esq, Barley Snyder, do hereby certify that on June 6, 2025, a true and correct copy of the above Motion was served by first class mail upon:

**Chapter 7 Trustee**
Lynn E. Feldman
2310 Walbert Ave
Suite 103
Allentown, PA 18104

**U.S. Trustee**
Office of the US Trustee
Robert NC Nix Federal Bldg.
900 Market Street
Suite 320
Philadelphia, PA 19107

**Debtor**
James Patrick Noonan
167 Ardwick Terrace
Lansdale, PA 19446

**Defendant**
United States Department of Education
400 Maryland Avenue
Washington DC 20202

**Defendant**
AES/PHEAA
1200 No Seventh Street
Harrisburg, PA 17102

13080411.1

Date: June 6, 2025         By:    */s/Brandon R. Griest*
                                  Brandon R. Griest
                                  Barley Snyder, LLP
                                  Attorneys for
                                  Educational Credit Management Corporation
                                  Attorney I.D. No. 327717
                                  126 East King Street
                                  Lancaster, PA
                                  (717) 299-5201

6

13080411.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>**JAMES PATRICK NOONAN**<br>Debtor, | Chapter 7<br><br>Case No. 24-11740-PMM |
| **JAMES PATRICK NOONAN**<br>Plaintiff,<br><br>v.<br><br>**US DEPT. OF EDUCATION,<br>AES/PHEAA, AND ECMC**<br>Defendants. | Adv. No. 24-00092-PMM |

**ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of Defendant Educational Credit Management Corporation's Motion for Sanctions Pursuant to Rule 37(c)(1),

**IT IS HEREBY ORDERED THAT**:

1. Defendant's motion is **GRANTED**;

2. Plaintiff must disclose such information as required under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure;

3. Such disclosed information is hereby precluded from being used to supply evidence on a motion, at a hearing, or at a trial in this matter;

4. Any further unwarranted delays or interruptions to Defendant's discovery efforts will result in more severe sanctions, including holding Plaintiff in contempt of court or dismissal of the case.

_____
Patricia M. Mayer
United States Bankruptcy Judge

13080411.1